```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :    21cr387 (DLC)
 UNITED STATES OF AMERICA               :
                                        :    OPINION AND ORDER
                                        :
            -v-                         :
                                        :
                                        :
 NAHEEM ESCORT,                         :
                                        :
                      Defendant.        :
----------------------------------------X
```

APPEARANCES:

For the United States of America:
United States Attorney's Office
Andrew Jones
Matthew Adam Weinberg
Andrew Caldwell Adams
DOJ-USAO
1 St Andrew's Plaza
New York, NY 10007

For the defendant:
Federal Defenders of NY, Inc.
Neil Peter Kelly
Sylvie Jill Levine
52 Duane Street, 10th Floor
New York, NY 10007

DENISE COTE, District Judge:

The defendant contends that structural error occurred at the criminal trial at which he was convicted on October 27, 2021, and that a mistrial should have been entered. For the reasons explained on the record and below, there was no structural error and no basis for a grant of a mistrial.

**Background**

Two series of three shots were fired within about 5 minutes of each other on or near the intersection of 152nd Street and Concord Avenue in the Bronx on February 11, 2021.  The first set of shots occurred on a sidewalk of 152nd Street, between Concord and Jackson Avenues.  Images of a dispute between two men and the firing of the shots were captured by sidewalk surveillance cameras.  The shooter is seen in the surveillance camera images wearing a distinctive combination of clothing.  He is seen firing three shots from a handgun held within something white.

Shortly after police arrived on 152nd Street to investigate the shooting of a weapon, the second set of three shots rang out from the intersection of 152nd Street and Concord Avenue.  The police gave chase.  Their chase is captured on their bodycams.  At the corner of 152nd Street and Concord Avenue, the police carefully turn the corner.  They arrest the defendant moments later on Concord Avenue.

When arrested, the defendant is wearing the distinctive combination of clothing seen on the surveillance camera footage.  He is about half a block away from the first shooting and within yards of the second shooting.  He was the only person on Concord Avenue.

The police searched the defendant for a weapon and found none on him.  The officers spent about 20 minutes searching for

2

the weapon and shell casings in the area between the intersection and where they arrested the defendant.  They quickly focused their attention near a pile of garbage because that is where a resident or residents from a nearby building, who were shouting allí, allí, or there, there, directed their attention.

They recovered a revolver lying on a patch of snow near a pile of garbage, hidden in a white sock with bullet holes at the toe of the sock.  The gun was recovered on the stretch of sidewalk between the intersection and where the officers placed the defendant under arrest.

The defendant contends that there was structural error at trial when Officer Adrian Loughnane, the Government's first witness, testified in response to a series of seven questions[1] that he recognized "the individual we arrested later on that evening" in the surveillance camera footage.  For example, after Officer Loughnane established that the man he arrested was Naheem Escort, Officer Loughnane was asked and responded:

>     Q:  [D]id you recognize anyone in that video?
>     A:  Yes.
>     Q:  Who did you recognize?
>     A:  The individual that we later placed under
>         arrest that evening.
>     Q:  How did you recognize him?

---

[1] Trial Transcript at 62:19-63:1, 63:24-64:11, 65:2-13, 65:14-23, 66:4-14, 67:3-12, 78:8-13, United States v. Escort, No. 21-cr-387 (S.D.N.Y. Oct. 25, 2021).

3

>A: He was wearing camo pants, a black bubble jacket with a green hoodie.[2]

Defense counsel objected to this line of questioning and the objections were overruled.  Just before the trial day ended, defense counsel began his examination of Officer Loughnane and established that the only time the Officer had spent with the defendant was the night of the arrest.

At the end of the trial day, defense counsel noted that he intended to submit a supplemental jury instruction regarding in-court identifications.  In the evening on October 25, defense counsel filed a letter motion for a mistrial, arguing that the structural error of the in-court identification by Officer Loughnane could not be cured after the fact.  Specifically, defense counsel argued that Officer Loughnane's testimony was (1) improper lay opinion under Federal Rule of Evidence 701; (2) unduly prejudicial under Federal Rule of Evidence 403; and (3) unreliable thereby violating the defendant's due process rights.  On October 26, defense counsel submitted a supplemental letter, which included relevant quotations from the October 25 trial transcript.  On October 26, the defendant's motion for a mistrial was denied on the record.  On October 27, the jury found the defendant guilty.

---

[2] Trial Transcript at 62:19-63:1, United States v. Escort, No. 21-cr-387 (S.D.N.Y. Oct. 25, 2021).

The Government moved for remand of the defendant following the verdict.  In opposing remand, defense counsel reiterated his argument that the identification evidence offered by the Government created a structural error in the trial.

## Discussion

"The defining feature of a structural error is that it affects the framework within which the trial proceeds, rather than being simply an error in the trial process itself."  Weaver v. Massachusetts, 137 S. Ct. 1899, 1907 (2017)(citation omitted).  "The erroneous introduction of identification evidence is not a structural error."  Wray v. Johnson, 202 F.3d 515, 525 (2d Cir. 2000).  While identification evidence can be significant in a given trial, "such testimony is still only evidence and . . . is not a factor that goes to the very heart -- the integrity -- of the adversary process."  Id. (quoting Watkins v. Sowders, 449 U.S. 341, 348).

Defense counsel correctly identified Officer Loughnane's testimony about the surveillance camera images as lay opinion testimony.  Rule 701 of the Federal Rules of Evidence permits lay opinion testimony that is:

> (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

United States v. Walker, 974 F.3d 193, 205 (2d Cir. 2020), cert. denied, 141 S. Ct. 2823 (2021) (citation omitted).

Finally, where it is anticipated that a witness will make an in-court identification of a defendant, the defendant may have the right to test the admissibility of that identification through a pre-trial evidentiary hearing pursuant to United States v. Wade, 388 U.S. 218 (1967).  "The purpose of a Wade hearing is to determine dehors the trial whether pretrial identification procedures have been so improperly suggestive as to taint an in-court identification."  Twitty v. Smith, 614 F.2d 325, 333 (2d Cir. 1979).  A Wade hearing may be held, for example, when the witness and defendant are strangers to each other and the witness has already identified the defendant through a pretrial identification procedure such as a line-up or from a photo spread.  See id. at 333-334.

"[E]ven where a witness is subject to suggestive pre-trial identification procedures," however, the court may still admit the witness's in-court identification testimony if it concludes that such identification "is independently reliable."  United States v. Ciak, 102 F.3d 38, 42 (2d Cir. 1996).  Factors for assessing reliability of an in-court identification include:

> (1) the witness's opportunity to view the criminal at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the criminal; (4) the level of certainty demonstrated by the witness; and (5) the

>    length of time between the crime and the
>    identification.

United States v. Kwong, 69 F.3d 663, 666 (2d Cir. 1995).

The receipt of Officer Loughnane's testimony was not error, and certainly not structural error. As a matter of law, an erroneous introduction of identification evidence "is not a structural error." Wray, 202 F.3d at 525.

Officer Loughnane's testimony was properly offered as lay opinion testimony under Federal Rule of Evidence 701. No one could have understood from this testimony that Officer Loughnane was identifying the defendant as the shooter based on his observations of the defendant in the courtroom. Officer Loughnane was never asked if he could recognize anyone in the courtroom. Officer Loughnane's identification testimony was explicitly based on a description of clothing. The defendant was not wearing those items in the courtroom. Moreover, the shooter, whose image was captured on the surveillance cameras, was wearing a type of face mask commonly worn during the pandemic, which hid his facial features.[3]

---

[3] The defendant was also wearing a face mask in the courtroom during the trial. Because of COVID-19 protocols in the courthouses in the Southern District of New York, all persons in the courtroom were masked at all times, unless they were inside the enclosed witness box and attorney podium, each of which was equipped with a HEPA filter.

7

Nor was there ever any suggestion that Officer Loughnane had personally observed the first shooting. None of the four police officers who testified at trial told the jurors that they had witnessed the first shooting. The only observations of the first shooting that were received into evidence came from the surveillance camera footage.

Officer Loughnane's identification was premised on the Officer's opportunity to observe the defendant's clothing at the time of the defendant's arrest and Officer Loughnane's observations of the clothing worn by the person whose image was captured on the surveillance camera. Officer Loughnane was one of the arresting officers and remained with the defendant on the sidewalk at the scene of the arrest until the gun was found by fellow officers and the defendant was removed to the precinct for booking. The Officer explained that he was with the defendant for about six hours on the night of the arrest.[4] He provided the jury with his opinion that the clothing he observed the defendant wearing at his arrest was the same clothing that appeared on the shooter in the surveillance camera footage.

Finally, it was helpful to the jury to hear that the clothing worn by the defendant at the arrest appeared to be the same as that worn by the man pictured in the surveillance camera

---

[4] Trial Tr. 177:25-178:1.

footage.  Again, that footage was taken of events occurring about six minutes earlier and roughly half a block away.  The jury was not in a position to make that comparison since they were not at the scene of the arrest and had not seen the clothing worn by the defendant at the time of his arrest.

Even if it were appropriate to equate Officer Loughnane's identification of the clothing in the surveillance footage with an in-court identification of the defendant, there was no error in the admission of the testimony and no unfair prejudice to the defendant.  Officer Loughnane's testimony about the items the defendant was wearing at the time of his arrest was highly reliable.  It was corroborated by the photographs of the defendant taken during the booking process and by the officers' bodycam footage.

Nor did the defendant dispute Officer Loughnane's description of the clothing he wore when arrested.  Instead, the defense argued that the items were commonly worn in the Bronx in the winter; the Government emphasized that the combination of the items was distinctive.

## Conclusion

For the reasons explained on the record and above, there was no structural error at trial and no basis to grant a mistrial.

Dated:   New York, New York
         October 29, 2021

                                    _____
                                         DENISE COTE
                                    United States District Judge